# T. F. Leonard's Appeal.

An award was filed in favor of E. on the 8th of June 1875, and at the expiration of twenty days thereafter the judgment became absolute, and execution was issued thereon. In September following, the court granted a rule to show cause why the award should not be stricken off, and on the 6th of November, the rule was made absolute. On the 19th of the same month, the court reconsidered its action and reinstated the rule. It afterwards discharged the rule; but in pursuance of agreement of counsel, allowed an appeal from the award. On the final trial E. recovered judgment. L., as administrator, recovered a judgment against the same defendant on the 28th of June 1875, and one in his own right on the 9th of November, following. *Held*, that the lien of E.'s judgment was not postponed to that of the two judgments in favor of L., by the action of the court.

March 29th 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. GREEN, J., absent.

Appeal from the Court of Common Pleas of *Lackawanna county:* Of January Term 1880, No. 195.

Appeal of T. F. Leonard from the decree of the court in the distribution of the fund arising from the sheriff's sale of the real estate of Martin McLean.

On May 3d 1875, J. M. Everhart brought an action of debt against Martin McLean. On June 8th 1875, he obtained an award of arbitrators in his favor for $2306.96. On June 28th 1875, T. F. Leonard, as administrator of the estate of Michael Mahon, deceased, entered a judgment against Martin McLean in the sum of $1949. November 9th 1875, T. F. Leonard entered another judgment against McLean in the sum of $2206.46, and upon the same day entered another in favor of the firm of Leonard Brothers in the sum of $163.41. In September 1875, McLean, by his counsel obtained a rule to show cause why the award of arbitrators should not be stricken off. In pursuance of this rule, depositions were taken by both parties. On the 6th day of November 1875, the rule was regularly argued, after which the court made the same absolute.

In pursuance of an agreement of counsel, on the 19th of November the court reinstated the award, discharged the rule and allowed an appeal from the award.

On the 21st of December 1878, the McLean real estate was sold by the sheriff to T. F. Leonard, for the sum of $4650, which amount was paid into court. February 13th 1879, the court appointed A. A. Chase, Esq., an auditor, to distribute the fund arising from the sale. The auditor, after deducting the costs, distributed the fund to the Leonard administration judgment and the Leonard personal judgment. To this J. M. Everhart filed exceptions, and the court, Hand, A. L. J., reversed the distribution as made by the auditor, and distributed the fund to the Everhart judgment in preference to the judgments of Leonard, in an opinion, inter alia, saying:

" What is the effect of striking off and reinstating the judgment of Everhart? Has the lien of that judgment been disturbed so far as regards the Leonard administrator judgment and the Leonard judgment? (1546, October Term 1875, and 814, November Term 1875.)

" We think not. After careful examination we are compelled to differ from the auditor in his conclusions. So far as the judgment docket is concerned, no entry has been made to change the appearance or give notice of any change in the order of liens. The award of arbitrators was entered the 8th of June 1875. The rule to strike it off was not obtained till September 1875. The judgments of Leonard, administrator, and of Leonard, were obtained the 28th of June 1875 and the 9th of November 1875; so that before the application to strike off, the Everhart judgment became an absolute judgment. The judgment was stricken off on the 6th of November and reinstated November 19th 1875. The action of the court was, 1st. The reconsideration of their judgment made on the 6th of November. 2d. The judgment of the court on that reconsideration and reinstating of the rule. 3d. Their judgment on that rule and its discharge. All these are judgments of a court of competent jurisdiction. Further, we find the defendant had another hearing. On the 27th of November 1875, when he appealed, he obtained a rule to vacate all the foregoing judgments of the court, which rule was afterwards discharged, as he record shows, on the 8th of September 1876. All these acts of the court are conclusive, unless appealed from and reversed. In all these cases the court made no order saving the rights of third parties, supposing that there are intervening third parties in the case.

" The Leonard (administrator) judgment did not intervene between the striking off the award and its restoration. It came in after the award, when it was a lien, and before even the application to strike it off. The Leonard (personal) judgment came in, it is true, between the striking off and the restoration. Whether this is entitled to precedence over the Everhart judgment will be considered further on in our conclusions. Leonard, administrator, when he took his judgment, knew that the Everhart judgment was a lien. He is not an intervening lien-creditor for value without notice, but with full notice. He was no party to the proceedings in the Everhart judgment. That was a matter between the plaintiff and defendant, and what transpired between them in this suit should not avail to promote him above a just debt, which the court have finally solemnly adjudged upon a verdict to be a judgment. A court has power to reconsider and correct its judgments. The reasons upon which they may do this are various, either on the application of counsel to convince the court of error, on the agreement of counsel that the court may so do, or by the court itself. The reasons upon which it acts are not to be inquired into

[T. F. Leonard's Appeal.]

by another court. not of appellate jurisdiction, nor in a collateral proceeding. (See principles and cases cited in Hoffman *v.* Costen, 2 Whart. 468.) We think the auditor erred in attempting to ascertain the reasons for the judgment of the court. The record shows a reconsideration by the court, not simply an agreement of counsel, a reinstating by the court (not by counsel), and a judgment by the court. The judgments of a court are held to be conclusive. It is a rule to which there is no exception, that when a judgment is given by a court or judge having jurisdiction of the subject-matter, its regularity cannot be inquired into in a collateral proceeding : Billings *v.* Russell, 4 Casey 191. Now, what was the judgment of the court ? A reinstating of the first rule and discharge of it. So emphatic is our law in sustaining the judgment of a court of competent jurisdiction in a collateral proceeding that they will not vary from it, although sustaining a bad precedent, as in the case of Hamilton *v.* Seitz, 1 Casey 226. We cannot deny in this proceeding what this record asserts. It asserts a reconsidering, a reinstating and a discharge of the first rule obtained. This is a decision that the judgment entered on the award is a valid lien, and has not been disturbed. It would possibly have been competent if the court had considered it a case requiring it, by reason of bona fide rights having attached with other parties on the faith of the action of the court in making the rule absolute, to have saved the rights of such third party, as in the case of Crouthamel *v.* Silberman, 1 W. N. C. 131, and Murry *v.* Cooper, 6 S. & R. 126 ; but the court did not so do, and if they had, we do not discover that the plaintiff in judgment No. 1546, October Term 1875, is such an intervening judgment-creditor.

" In regard to judgment No. 814, November Term 1875, in favor of Thomas F. Leonard, we think, upon the inherent power of a court of competent jurisdiction to reconsider its decision, and the fact that this power was exercised within a short time (thirteen days) after the rule was made absolute, and no entry was made upon the judgment-docket, in pursuance of the decision of the court striking off the award, that the lien of the judgment in favor of Everhart was undisturbed : Moore *v.* Kline, 1 P. & W. 129. Under such a state of the record, it would be incumbent on the holder of judgment No. 814, November Term 1875, to show either that he acquired his rights on the faith of the proceeding in the Everhart judgment, or such a state of facts as would warrant him in assuming from the record that no lien was in existence. This is not the case of a bona fide purchaser, mortgage or lien-creditor, with a deceptive record. We therefore conclude that it is not entitled to preference over the Everhart judgment."

From this decree this appeal was taken.

[T. F. Leonard's Appeal.]

*C. Smith* and *H. W. Palmer*, for appellant.—When the Everhart award was stricken from the record, subsequent liens advanced to its position. The position thus acquired by subsequent liens became a *vested right:* Gunn *v.* Barry, 15 Wall. 610. Had the court power, by any order or decree made between the parties to the award, to dislodge the subsequent liens from their position, acquired as a legal consequence of the fact that the award was stricken from the record? Certain it is, that the legislature would have no such power: Gunn *v.* Barry, *supra.* The court has no power to amend a mere clerical mistake so as to affect the rights of subsequent lien-creditors: Zimmerman *v.* Briggans, 5 Watts 186; Black *v.* Dobson, 11 S. & R. 97; Crutcher *v.* Commonwealth, 6 Whart. 349; McCormack *v.* Wheeler, 36 Ill. 114; Ligon *v.* Rogers, 12 Geo. 289; Perdue *v.* Bradshaw, 18 Id. 287; Pearce *v.* Bruce, 38 Id. 451; Lea *v.* Yeates, 40 Id. 56. It is a most remarkable position to hold that a court has power to affect the rights of a subsequent lien-creditor by an amendment reinstating an award. In Crutcher *v.* Commonwealth, 6 Whart. 349, this court says: "We do not doubt their power to do so, as between the parties themselves, but it cannot be seriously urged that the court can allow an amendment to affect the rights of a subsequent judgment-creditor. In Black *v.* Dobson, 11 S. & R. 97, the doctrine is expressly asserted that the court cannot, by amendment, deprive subsequent creditors of their legal advantage which they may have obtained. This principle is so obviously just as hardly to need the aid of authority.'

*Paul R. Weitzel* and *W. H. Jessup*, for appellee.—This was a collateral proceeding before the auditor. He could not attack this judgment of Everhart except for fraud. No fraud was alleged. Hence, the auditor was bound by the judgment-roll as it appeared upon the certificate of liens presented to him by the appellee: Hauer's Appeal, 5 W. & S. 474; Drexell's Appeal, 6 Barr 272; Dickerson's & Haven's Appeal, 7 Barr 256; Watson *v.* Willard, 9 Id. 89; Cyphert *v.* McClune, 10 Harris 196. When the first judgment of the appellants was entered, the award of the appellee had ripened into a judgment which was undisputed; and when, on the 9th of November, the next judgments were entered, the lien docket, the only place where he was bound to look, showed the same judgment with nothing to impeach or call it in question.

Mr. Justice MERCUR delivered the opinion of the court, May 3d 1880.

This fund in contention was produced by a sheriff's sale of real estate. The appellee had the first lien by virtue of his award, unless it was postponed by the action of the court relating thereto. The award was filed on the 8th June 1875. At the expiration of

[T. F. Leonard's Appeal.]

twenty days thereafter, the judgment became absolute, and execution was afterwards issued thereon. In September following, the court granted a rule to show cause why the award should not be stricken off. On the 6th November the rule was made absolute. On 19th of same month the court reconsidered its action and reinstated the rule. It afterwards discharged the rule, but in pursuance of agreement of counsel, allowed an appeal from the award. On the final trial, the plaintiff therein recovered the judgment to which this money was applied. The appellant, as administrator, recovered a judgment against the same defendant on the 28th June 1875, and one in his own right on the 9th November following. He now claims the lien of the appellee's judgment was postponed as to his two judgments by the action of the court. If such be the effect, it is dealing very harshly with the rights of the appellee. He had an absolute judgment regular on its face, when the court assumed to inquire into the validity of the award on which it was entered. The record of the judgment fails to show the ground on which the rule to strike it off was granted. In this distribution, the auditor found it was " on account of misbehavior on the part of the arbitrators." There was no charge " that the award was procured by corruption or other undue means" of the plaintiff therein, or of any other person. It is unnecessary now to decide as to the power of a court to strike off an award on application made after the judgment thereon has become absolute, without alleging any fraud, and for a cause known to the applicant on the trial. No undue practice was charged on the plaintiff therein. He had not done anything to prejudice the just fruits of his award. Thirteen days after the court made the rule absolute, and presumably at the same term, it reversed its action, and with the concurrent agreement of counsel, reinstated the award. Had the previously vested rights of the appellee, by operation of law, become lost in the meantime ?

In the final disposition of the rule the court made no order indicating that any previously existing right of lien by virtue of the award should be impaired, any further than to allow the appeal in pursuance of the agreement of counsel. The design and legal effect of discharging the rule was to leave unaffected the lien created by the award. A court has power to strike off a decree improvidently entered : Newcomer's Appeal, 7 Wright 43. In the exercise of its sound judicial discretion it may enter judgment, as of a time when it ought to have been entered : Murray *v.* Cooper, 6 S. & R. 126 ; Fitzgerald *v.* Stewart, 3 P. F. Smith 343. It undoubtedly has this power at the term when it directed the judgment or decree to be entered. Conceding this power, as between the parties to a judgment or decree, yet the appellant contends no such effect shall be given to the discharge of the rule in this case as to affect his liens. This we think depends on his showing superior equities.

[T. F. Leonard's Appeal.]

The lien of the appellee was prior to the first judgment of the appellant. That judgment is in no wise displaced from the relative position it then had. The other judgment was obtained after the rule to strike off the award had been made absolute. No entry, however, had been made on the lien-docket affecting the validity of the appellee's lien. It remained there unchanged, notice to all of a subsisting lien. It is the record notice which is recognised as the best notice of the amount and date of a lien: Bear v. Patterson, 3 W. & S. 233; Mann's Appeal, 1 Barr 24; Hance's Appeal, Id. 408; Ridgway's Appeal, 3 Harris 177. The record to which a purchaser or subsequent lien-creditor must look gave no indication that the lien of the appellee was not in full force. There is no proof that the appellant looked at any other or had any knowledge of the action of the court in regard to the award. If then he looked to the lien-docket only, and had no knowledge beyond it, there can be no pretence that he entered his judgment on any assumption that the prior lien had been removed. We do not mean to say that a judgment entered after the award was stricken off, and before it was restored, might not under some circumstances have superior equities, but we do not discover such here. The Act of Assembly requires the money, produced by sheriff's sale of real estate, shall be distributed "according to law and equity:" 1 Purd. Dig. 645. It has often been held this requires due effect to be given to the equity branch of the court's power: Kelly's Appeal, 4 Harris 59: Selden's Appeal, 24 P. F. Smith 323; Tindle's Appeal, 27 Id. 201. In view of all the facts, and the principles of equity applicable thereto, we see no irregularity in the proceedings affecting the award sufficient to destroy its prior lien, or to postpone it as against the subsequent judgments: Hauer's Appeal, 5 W. & S. 473; Drexel's Appeal, 6 Barr 272; Roemer v. Denig, 6 Harris 482.

Decree affirmed and appeals dismissed at the costs of the respective appellants therein.